UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Ralph O'Neil Starnes and Betty Starnes, spouse | : |
| | : |
| Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| A.O. Smith Corporation; | : |
| Air & Liquid Systems Corporation (sued as successor-by-merger to Buffalo Pumps, Inc.); | : Case No.: 1:12-cv-00360 |
| American Cast Iron Pipe Company d/b/a American Darling Valve (sued as successor to Darling Valve & Mfg. Co. f/k/a Darling Pump & Mfg Co., Ltd); | : |
| Blackmer Pump Company; | : |
| Burnham LLC f/k/a Burnham Corporation; | : |
| BW/IP International, Inc., sued individually and as successor-in-interest to Byron Jackson Pump Company; | : |
| Carrier Corporation (sued individually and d/b/a Bryant Heating & Cooling Systems); | : **JURY TRIAL DEMANDED** |
| CBS Corporation (a Delaware Corporation) f/k/a Viacom, Inc. (sued as successor-by-merger to CBS Corporation (a Pennsylvania Corporation) f/k/a Westinghouse Electric Corporation); | : |
| Cleaver-Brooks, Inc. f/k/a Aqua-Chem, Inc., d/b/a Cleaver-Brooks Division; | : |
| Clow Valve Company; | : |
| Crane Co. (sued individually and as successor-in-interest to Chapman Valve Company, Cochrane Corporation, and Deming Pump Company); | : |
| Crane Environmental, Inc. (sued individually and as successor-in-interest to Cochrane Corporation); | : |
| Crosby Valve, Inc.; | : |
| Crown Boiler Company f/k/a Crown Industries, Inc.; | : |
| Crown Cork & Seal Company, Inc. (sued individually and as successor-in-interest to Mundet Cork Company); | : |
| Cyprus Amax Minerals Company (sued as successor to Sierra Talc Company and United Talc Company); | : |
| Dover Corporation (sued as successor to Blackmer Pump Co.); | : |
| Elliott Turbo Machinery Company a/k/a Elliott Company; | : |
| Fisher Controls International, LLC; | : |
| Flowserve Corporation f/k/a The Duriron Company, | : |

| | |
|---|---|
| Inc.(sued as successor-by-merger to Durco International); | : |
| Flowserve US, Inc. (sued as successor to Byron Jackson Pump Company); | : |
| FMC Corporation (sued individually and as successor-in-interest to Peerless Pump Company); | : |
| Foster Wheeler Energy Corporation; | : |
| Gardner Denver, Inc.; | : |
| General Electric Company; | : |
| Georgia-Pacific, LLC, f/k/a Georgia-Pacific Corporation; | : |
| The Goodyear Tire & Rubber Company (sued individually and as successor-in-interest to Durabla Manufacturing Company); | : |
| Goulds Pumps, Inc.; | : |
| Grinnell LLC d/b/a Grinnell Corporation; | : |
| Henry Pratt Company, LLC, d/b/a Henry Pratt Company; | : |
| Honeywell International, Inc.; | : |
| IMO Industries, Inc. (sued individually and as successor-in-interest to Delaval Turbine, Inc.; | : |
| Ingersoll Rand Company; | : |
| Invensys Systems, Inc. (sued individually and as successor-in-interest to The Foxboro Company and to Robertshaw Controls Company d/b/a Fulton Sylphon Valves); | : |
| ITT Corporation f/k/a ITT Industries, Inc., (sued Individually and as successor-in-interest to Bell & Gossett, to McDonnell & Miller, and to Foster Engineering Company); | : |
| Jerguson Gage & Valve Company; | : |
| John Crane, Inc.; | : |
| Johnston Boiler Company; | : |
| Kaiser Gypsum Company, Inc.; | : |
| Kohler Co.; | : |
| Laars Heating Systems Co; | : |
| McWane Inc. (sued individually and as successor-in-interest to Kennedy Valve Manufacturing Company, Kennedy Valve Inc, and Kennedy Valve Company; | : |
| Metropolitan Life Insurance Company; | : |
| O.C. Keckley Company (sued individually and as successor-in-interest to Klipfel Valves, Inc.); | : |
| Oakfabco, Inc. (sued individually and as successor-in-interest to Kewanee Boiler Corporation); | : |
| Peerless Industries, Inc.; | : |
| Pfizer, Inc.; | : |
| Rheem Manufacturing Company (sued individually and | : |

|  |  |
|---|---|
| d/b/a Ruud Manufacturing Company); | : |
| Riley Power, Inc. f/k/a Riley Stoker Corporation and | : |
|     D.B. Riley, Inc.; | : |
| Robertshaw Controls Co d/b/a Fulton Sylphon Valves; | : |
| Spirax Sarco, Inc.; | : |
| Sterling Fluid Systems (USA), LLC f/k/a Peerless | : |
|     Pump Co.; | : |
| Trane US, Inc. f/k/a American Standard Companies | : |
|     (sued individually and as successor-in-interest to | : |
|     American Radiator Company a/k/a Ideal Boiler); | : |
| Viad Corporation f/k/a The Dial Corporation (sued | : |
|     Individually and as successor-in-interest to | : |
|     Griscom-Russell Company); | : |
| Viking Pump, Inc.; | : |
| Watts Water Technologies, Inc. (sued as successor to | : |
|     Powers Regulator Company, Inc.); | : |
| Weil-McLain, a division of the Marlye-Wylain Company; | : |
| Weir Valves & Controls USA, Inc. f/k/a Atwood & | : |
|     Morrill; | : |
| Xylem, Inc. (sued individually and as successor-in-interest | : |
|     to Bell & Gossett); | : |
| Zurn Industries, LLC (sued individually and as successor- | : |
|     in-interest to Zurn Industries, Inc., and also as | : |
|     successor to Erie City Iron Works D/B/A Keystone | : |
|     Boiler Works, Inc.) | : |
|  | : |
|                       Defendants. | : |

# PLAINTIFFS' RESPONSE TO COURT'S ORDER REGARDING SERVICE AND AMENDED CAPTION DATED AUGUST 16, 2013

Plaintiffs Ralph O'Neil Starnes and Betty Starnes hereby file this response to advise the court of the matters set forth in this Court's Order dated August 16, 2013.

## Converse Inc.

Plaintiffs have not filed a Motion for Entry of Default as to Converse, Inc., as Plaintiffs are dismissing Converse, Inc. Service was not obtained on Converse Inc. Converse Inc. has not filed a responsive pleading, nor have they filed a motion for summary judgment. Therefore, Plaintiffs are simultaneously filing a dismissal as to Converse, Inc. pursuant to F.R.C.P. 41(a)(1)(A)(i). A copy of this dismissal is attached hereto as Exhibit "A."

## Flowserve Corporation

Flowserve Corporation filed an answer to Plaintiff's First Amended Complaint on August 19, 2013. The answer filed on behalf of Flowserve Corporation is identified as Document No. 286. A copy of the answer is attached hereto as Exhibit "B." Plaintiffs did not file a Motion for Entry of Judgment because of Judge Martin Reidinger's Order dated July 15, 2013. Exhibit "C." This order was entered to "efficiently administer asbestos cases filed in the United States District Court for the Western District of North Carolina." *Id*. This matter is an asbestos matter that is subject to this order. Paragraph 9 of this order states that upon the filing of an amended complaint, "any answer filed by a Defendant to the Original Complaint shall be deemed adopted as an answer to the Amended Complaint. No filing of an adoption of the Original Answer is necessary." *Id*. Defendant Flowserve Corporation also filed an answer to Plaintiff's Original Complaint on December 4, 2012, which is identified as Document No. 6. Therefore, Plaintiffs viewed Flowserve Corporation's answer to the Original Complaint as an answer to the 1st Amended Complaint.

## Flowserve US, Inc.

Flowserve US, Inc. filed an answer to Plaintiff's 1st Amended Complaint on May 2, 2013. The answer filed on behalf of Flowserve US, Inc. is identified as Document No. 230. A copy of the answer is attached hereto as Exhibit "D." Plaintiffs did not file a Motion for Entry of Judgment because of Judge Martin Reidinger's Order dated July 12, 2013. Exhibit "C." This order was entered to "efficiently administer asbestos cases filed in the United States District Court for the Western District of North Carolina. *Id*. This is an asbestos case subject to this order. Paragraph 9 of this order states that upon the filing of an amended complaint, "any answer filed by a Defendant to the Original Complaint shall be deemed adopted as an answer to the Amended Complaint. No filing of an adoption of the Original Answer is necessary." *Id*. Defendant Flowserve US, Inc. also filed an answer to Plaintiff's Original Complaint on December 6, 2012, which is identified as Document No. 12. Therefore, Plaintiffs viewed Flowserve US, Inc.'s answer to the Original Complaint as an answer to the 1st Amended Complaint.

## IMO Industries, Inc.

IMO Industries, Inc. filed an answer on August 20, 2013. The answer to Plaintiff's 1st Amended Complaint filed on behalf of IMO Industries, Inc. is identified as Document No. 287. A copy of the answer is attached hereto as Exhibit "E." Plaintiffs did not file a Motion for Entry of Judgment because of Judge Martin Reidinger's Order dated July 12, 2013. Exhibit "C." This order was entered to "efficiently administer asbestos cases filed in the United States District Court for the Western District of North Carolina." *Id*. This is an asbestos case subject to this order. Paragraph 9 of this order states that upon the filing of an amended complaint, "any

answer filed by a Defendant to the Original Complaint shall be deemed adopted as an answer to the Amended Complaint. No filing of an adoption of the Original Answer is necessary." *Id*. Defendant IMO Industries, Inc. also filed an answer to Plaintiff's Original Complaint on January 4, 2012, which is identified as Document No. 70. Therefore, Plaintiffs viewed IMO Industries, Inc.'s answer to the Original Complaint as an answer to the 1st Amended Complaint.

## Sears, Roebuck and Co.

Plaintiffs have not filed a Motion for Entry of Default as to Sears, Roebuck and Co., as Plaintiffs are dismissing Sears, Roebuck and Co. Service was not obtained on Sears, Roebuck and Co. Sears, Roebuck and Co. has not filed a responsive pleading, nor have they filed a motion for summary judgment. Therefore, Plaintiffs are simultaneously filing a dismissal as to Sears, Roebuck and Co. pursuant to F.R.C.P. 41(a)(1)(A)(i). A copy of this dismissal is attached hereto as Exhibit "F."

## Amended Caption

Pursuant to this court's request, the above caption reflects all active parties-defendants in this matter. Plaintiffs have removed the Defendants which have been voluntarily dismissed and the Defendants which have been dismissed pursuant to this court's orders. Plaintiffs and Defendant Elliott Turbo Machinery Company a/k/a Elliott Company ("Elliott") have a Joint Stipulation and Order to Dismiss that is currently pending with the court. Therefore, Plaintiffs have left Elliott in the above-mentioned caption. Plaintiff's counsel is happy to provide the caption in an electronic format.

Respectfully submitted,

*/s/ Janet Ward Black*

6

Janet Ward Black
NC State Bar 12869
**Ward Black Law**
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com

Tiffany Dickenson
TX State Bar 24010264
*Pro Hac Vice*
**Simon Greenstone Panatier Bartlett**
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-276-7680
tdickenson@sgpblaw.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2013, the foregoing was filed with the Court and served via ECF, electronic mail and/or U.S. Mail on the following counsel of record: