**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:12-CV-360-MR-DLH**

| | |
|---|---|
| **RALPH O'NEIL STARNES, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | **MEMORANDUM ORDER** |
| ) | **AND OPINION** |
| **A.O. SMITH CORPORATION, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the summary judgment motions filed by seven defendants to this proceeding, to wit: FMC Corporation on behalf of its former subsidiary, and originally sued as Crosby Valve, Inc. (herein "FMC/Crosby") [Doc. 407]; FMC Corporation on behalf of its former Peerless Pump business and originally sued as FMC Corporation, individually and as successor-in-interest to Peerless Pump Company (herein "FMC/Peerless") [Doc. 409]; Sterling Fluid Systems (USA), LLC., formerly known as Peerless Pump Co. (herein "Sterling") [Doc. 411]; Gardner Denver, Inc. (herein "Gardner") [Doc. 413]; Watts Water Technologies, Inc. sued as successor to Powers Regulatory Company, Inc. (herein "Watts") [Doc. 415]; Ingersoll Rand Company (herein "Ingersoll") [Doc. 417]; and Trane U.S. Inc., formerly known as American Standard

Companies, sued individually and as successor-in-interest to American Radiator Company also known as Ideal Boiler (herein "Trane"). [Doc. 419].

Plaintiffs bring this diversity action asserting seven[1] claims for relief in their Amended Complaint. [Doc. 199]. All of the claims center upon Plaintiff Ralph O'Neil Starnes having contracted mesothelioma from breathing asbestos dust. [Id. at 26]. Count One alleges negligence [Id. at 32-36], Count Two alleges breach of implied warranty [Id. at 36], Count Three alleges willful and wanton conduct [Id. at 37-38], Count Four alleges false representation [Id. at 38-39], Count Five alleges failure to warn [Id. at 39-42], and Counts Six and Seven assert claims against defendants other than those moving for summary judgment herein. [Id. at 42-47]. All of Plaintiffs' claims are brought pursuant to North Carolina law. [Id. at 32].

As stated, the seven defendants listed herein have each filed a motion for summary judgment. Plaintiffs have not responded to any of the defendants' motions. Six of the defendants – FMC/Crosby, FMC/Peerless, Sterling, Gardner, Ingersoll, and Trane – raise the same issue in their summary judgment motions. Defendant Watts raises an issue different

---

[1] Plaintiffs' first five claims are asserted against all defendants except Metropolitan Life Insurance Company. Plaintiffs' sixth claim names only defendants Sears Roebuck and Company and Converse, Inc. Plaintiffs' seventh claim names only Metropolitan Life Insurance Company.

from the other six defendants in its summary judgment motion. The Court, therefore, will discuss these two separate issues in turn.

## FACTUAL BACKGROUND

The forecast of evidence, in the light most favorable to the plaintiffs, is as follows. Plaintiff Ralph O'Neil Starnes experienced occupational exposure to asbestos from 1956 through the 1980's while working as a control fitter for Powers Regulatory Company, Robert Shaw Controls Company, and Honeywell Company, all based in Charlotte, NC. As a control fitter, Mr. Starnes was exposed to asbestos fibers as he installed and repaired pneumatic controls for heating and cooling systems, which included working with and around asbestos-containing thermostats, control gauges, valves, regulators, and actuators manufactured and/or supplied by many of the defendants. [Doc. 199 at 27]. While working for the same three companies, Mr. Starnes repaired and installed compressors manufactured by some of the defendants, which also exposed him to asbestos packing, gaskets, and thermal insulation. [Id.].

As a part of his employ with the three companies, Mr. Starnes would be dispatched to other commercial and industrial sites, including those owned and controlled by some of the defendants, where he was exposed to asbestos thermal insulation while it was being cut, installed, and

removed. [Id. at 27-8]. Further, at such sites, Mr. Starnes was also exposed to the mixing, applying, sanding, and cleaning-up of joint compounds, manufactured by various defendants, containing asbestos. Throughout his career at the various industrial and commercial sites, Mr. Starnes routinely worked in close proximity to pipefitters, drywallers, insulators, boilermakers, mechanics, millwrights, laborers and contractors. In working around these trades, Mr. Starnes was exposed to asbestos gaskets, packing, and thermal insulation. [Id. at 28].

## STANDARD OF REVIEW

In reviewing a party's motion for summary judgment, this Court is mindful that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is "material" if it "might affect the outcome of the case." N&O Pub. Co. v. RDU Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010). A "genuine dispute" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be genuinely disputed must support its assertion with citations to the record. Fed. R. Civ. P. 56(c)(1).

"Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue exists. Id. Finally, in considering the motions for summary judgment filed by the defendants, the Court must view the pleadings and materials presented in the light most favorable to the plaintiffs, the non-movants, and must draw all reasonable inferences in plaintiffs' favor as well. Adams v. UNC Wilmington, 640 F.3d 550, 556 (4th Cir. 2011).

**DISCUSSION**

I.  The Six Defendants' Motions for Summary Judgment.

Defendants FMC/Crosby, FMC/Peerless, Sterling, Gardner, Ingersoll, and Trane argue that they are entitled to summary judgment due to the absence of any evidence that Mr. Starnes was exposed to any of their products, and thus they are responsible for no action that proximately caused his mesothelioma. Representative of the defendants' basis for summary judgment is the following showing from defendant Gardner:

> Plaintiff worked from approximately 1956 – 1980's as a control fitter installing and repairing pneumatic controls for

5

heating and cooling systems at various industrial locations across North and South Carolina. … Plaintiff generally alleged that most of the defendants were manufacturers or suppliers of asbestos containing products which were used at Plaintiff's job sites, as identified in Plaintiff's work history spreadsheet produced by Plaintiff in discovery. …

During the discovery phase, and on May 22, 2013, the Plaintiff testified in a video trial deposition and a discovery deposition. In both of the Plaintiff's depositions, he failed to identify any type of work in or around [the six defendants'] related equipment at any of the work sites in which he worked throughout his career. In addition, the Plaintiff did not provide any testimony regarding possible exposure to asbestos from any [of these six defendants'] product[s].

Plaintiff's own deposition is his only source of evidence regarding his alleged asbestos exposure, as he has not disclosed or identified any other possible product identification witnesses, such as co-workers.

[Doc. 414 at 2-3]; in accord, [Doc. 408 at 2]; [Doc. 410 at 2]; [Doc. 412 at 2]; [Doc. 418 at 1-3]; [Doc. 420 at 1-3].

The defendants, having presented a forecast of evidence that supports this assertion, thus shift the burden to the plaintiffs to come forward with a forecast of evidence demonstrating that a triable issue exists. Bouchat, 346 F.3d at 522. More particularly, to avoid summary judgment, plaintiffs must put forth a showing of admissible evidence that Mr. Starnes had frequent, regular, and proximate exposure to an asbestos-containing product for which any of these defendants is legally responsible. Lohrmann v. Pittsburgh Corning Corporation, 782 F.2d 1156 (4th Cir.

1986). As noted above, plaintiffs have not filed any responses to these six defendants' motions, and therefore, they have not carried this burden. As such, it is undisputed that the necessary evidence of causation linking these six defendants to Mr. Starnes' contraction of mesothelioma is absent for the purposes of the defendants' motions. See Fed.R.Civ.P. 56(e)(3) (if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show that the movant is entitled thereto). Thus, there being no genuine issue of any material fact in dispute, the Court will grant the six defendants' summary judgment motions.

II. <u>Defendant Watts' Motion for Summary Judgment</u>.

Defendant Watts argues that its summary judgment motion should be granted because Plaintiffs' evidence fails to support the theory on which they sued Watts. In his deposition, Mr. Starnes provided a history [Doc. 414-1] of his relevant employment and testified that he worked as a control fitter for various companies including Powers Regulatory, which he referred to as "Powers, MCC Powers, or Powers Regulator to begin with, then it changed to MCC Powers," and then a company he called "Landis & Gyr

7

Powers, Inc." [Doc. 416-2 at 6 (p.18)]. Mr. Starnes testified that he was exposed to asbestos containing materials during his work for these companies. [Doc. 416-2 at 6-7 (pp.18-22)]. Plaintiffs make this claim against Watts solely alleging that it was the legal "successor to the Powers Regulatory Company, Inc." business that employed Mr. Starnes. [Doc. 199 at 24]. Watts contends, however, that plaintiffs have produced no evidence that Watts is the true successor in interest to Mr. Starnes' former employer.

Before one corporation can be held liable for the torts allegedly committed by another, at a minimum, the "successor" corporation has to acquire the business assets of the predecessor associated with the alleged tort. See, Statesville Stained Glass, Inc. v. T.E. Lane Constr. & Supply Co., 110 N.C.App. 592, 599, 430 S.E.2d 437, 441 (1993) ("In order to become liable as a successor corporation for the debts of another corporation, there must *at a minimum* be a transfer of assets from the old corporation to the transferee corporation."). Watts has presented the following forecast of evidence showing that it did not acquire the business assets of Powers Regulatory ultimately transferred to Landis & Gyr Powers, Inc., Mr. Starnes' former employer.

Beginning in 1977, the Powers Regulatory assets underwent a series of transactions which resulted in an entity completely unrelated to Watts –

8

Landis & Gyr Powers, Inc. ("Landis") – owning the business for which Mr. Starnes worked when he was allegedly exposed to asbestos. [Doc. 416 at 5]. According to Watts' documentary record, the following series of events took place. On October 3, 1977, Mark Controls Corporation ("Old Mark") acquired the assets of Powers Regulatory. [Docs. 416-4 at 4; 416-5 at 9]. In 1985, the Powers Regulatory business was incorporated as a subsidiary of Old Mark, and named MCC Powers, a name change that Mr. Starnes described in his testimony, as noted above. [Doc. 416-6]. In 1987, Old Mark entered into a series of transactions that resulted in it merging into Landis. [Doc. 416-10]. Prior to its merger into Landis, Old Mark "carved out" certain valve-related assets, which are the only assets of the former Powers Regulatory business that were ultimately transferred to Watts. [Doc. 416-11 at 3]. Thus, according to Watts' forecast of evidence, the business for which Starnes worked was passed to Landis, not Watts. [Doc. 416 at 5-6].

Watts' showing also establishes that Mr. Starnes' employment records indicate that the business for which he worked was the one transferred to Landis and had nothing to do with Watts. [Doc. 414-1]. Further, Mr. Starnes' Social Security Administration Itemized Statement of

9

Earnings reflects this evolution in his employment, and confirms that he worked for Landis, and never for Watts. [Doc. 416-12 at 6-7].

Having made the above showing, Watts has shifted the burden to the plaintiffs to come forward with a forecast of evidence that would show a triable issue exists. Bouchat, 346 F.3d at 522. More particularly, under Lohrmann, to avoid summary judgment, plaintiffs must put forth a showing of admissible evidence demonstrating that Mr. Starnes had frequent, regular, and proximate exposure to a Watts' asbestos-containing product, or worked for Watts' predecessor-in-interest through which such exposure occurred. Plaintiffs have not filed any response to Watts' summary judgment motion, and therefore, they have not carried this burden. As such, it is undisputed that the necessary evidence of causation linking Watts to Mr. Starnes' contraction of mesothelioma is absent for the purposes of Watts' motion. Fed.R.Civ.P. 56(e)(3). Thus, with there being no genuine issue of any material fact in dispute, the Court will grant Watts' summary judgment motion.

**CONCLUSION**

Based upon the foregoing analysis, the Court concludes that all seven of the defendants' forecasts of evidence, taken in the light most favorable to plaintiffs as the non-movants, is sufficient to establish that no

genuine dispute exists as to any of the material facts. Accordingly, the seven named defendants herein are entitled to judgment as a matter of law and should be dismissed from this action.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the following defendants' Motions for Summary Judgment [Docs. 407; 409; 411; 413; 415; 417; 419] are **GRANTED** and defendant FMC Corporation on behalf of its former subsidiary, and originally sued as, Crosby Valve, Inc.; defendant FMC Corporation on behalf of its former Peerless Pump business and originally sued as FMC Corporation individually and as successor-in-interest to Peerless Pump Company; defendant Sterling Fluid Systems (USA), LLC., formerly known as Peerless Pump Co.; defendant Gardner Denver, Inc.; defendant Watts Water Technologies, Inc. sued as successor to Powers Regulatory Company, Inc.; defendant Ingersoll Rand Company; and defendant Trane U.S. Inc., formerly known as American Standard Companies, sued individually and as successor-in-interest to American Radiator Company also known as Ideal Boiler, are all hereby **DISMISSED** from this matter.

**IT IS SO ORDERED.**

Signed: September 23, 2014

Martin Reidinger
United States District Judge